JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 11-00835-RGK (DTBx)  Date July 8, 2011

Title **CATHERINE MORRIS v. OCWEN LOAN SERVICING LLC, et al**

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings:  (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss (DE 7)

## I. INTRODUCTION

On March 8, 2011, Catherine Morris ("Plaintiff") filed a Complaint ("Complaint") in pro se in Riverside County Superior Court against Ocwen Loan Servicing, LLC ("Ocwen"). Plaintiff alleges that Defendants violated laws regarding the loan origination process. The Complaint alleges the following claims: (1) violation of the California Civil Code §2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of the California Civil Code 2923.6; (5) violation of California Civil Code §1572; (6) violation of the California Business and Professions Code §17200; and (7) violation of The Federal Truth in Lending Act, ("TILA") 15 U.S.C. §1601 *et seq*. Ocwen and Western Progressive, LLC (collectively "Defendants")[1] removed the suit to federal court based on Plaintiff's TILA claim.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

On November 9, 2006, Plaintiff financed property through a loan for $139,000 from non-party Delta Funding Corporation. The loan was secured by a Deed of Trust ("Deed") pertaining to real property located at 14510 Parkwood Court, Moreno Valley, California 92553. The original trustee was a non-party, Cal-Western Conveyance Corporation.

The rights under the Deed were subsequently assigned to HSBC Bank USA, as Indenture Trustee for the registered Noteholders of Renaissance Home Equity Loan Trust. Ocwen is the loan servicer for HSBC. Western Progressive was then substituted for Cal-Western Conveyance

---

[1] Western Progressive LLC joined Ocwen as "Defendants" after Plaintiff filed the Complaint.

Corporation as the trustee pursuant to the Deed. On October 28, 2010, Plaintiff defaulted on her loan payments in the amount of $7,741.45 and a Notice of Default was then issued on behalf of HSBC.

## III. JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, the Court must assume that allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). The court shall not consider factors outside the complaint. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Ming Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Plaintiff must state "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

## IV. DISCUSSION

Although Defendants move to dismiss the entire action, the Court addresses only the federal claim under TILA. A claim for damages under TILA must be brought within "one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). The limitations period runs from the consummation date of the transaction. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Here, Plaintiff filed the Complaint on March 8, 2011. The loan at issue closed more than three years prior, in May 2007. Therefore, the statute of limitations has expired for Plaintiff's potential TILA claims against Defendants.

Furthermore, Plaintiff does not meet the criteria required to overcome the statutory bar. When a statute of limitations defense is apparent from the face of the complaint, a plaintiff may nonetheless state a claim if he can "plead around" the defense by asserting facts that show the defendant is estopped from asserting the defense. *See Xechem, Inc. V. Bristol-Myers Quibb Co.*, 372 F.3d 899, 901 (7th Cir.2004). Here, Plaintiff alleged that the additional loan finance charges were not disclosed by the Defendants. While Plaintiff contends that she was not aware of the increase in loan payment amounts, Plaintiff fails to state facts sufficient to support the requisite showing. Plaintiff fails to provide details from which the Court could infer that equitable tolling applies so as to estop Defendants' from asserting their defense. Therefore, Plaintiff has failed to state a TILA claim under Rule 12(b)(6).

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's TILA claim. Additionally, the Court declines to exercise supplemental jurisdiction over the remaining state claims, and **remands** the entire action to state court.

**IT IS SO ORDERED.**

| | |
|---|---|
| Initials of Preparer | slw |